NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 27, 2012[*]
Decided March 27, 2012

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 11-3243

| | |
|---|---|
| BEVERLY E. ROBINSON, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 06 C 5158 |
| MORGAN STANLEY, et al., | |
| *Defendants-Appellees*. | James F. Holderman, *Chief Judge*. |

**O R D E R**

Beverly Robinson appeals from the grant of summary judgment to her former employer and several of its employees on her claim that she was fired in retaliation for whistleblowing. In a prior appeal we upheld the Department of Labor's determination that Robinson was fired because of poor job performance and not whistleblowing activity

---

[*] This appeal is successive to No. 10-1587 and has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

protected by the Sarbanes-Oxley Act, *see* 18 U.S.C. § 1514A. *Robinson v. U.S. Dep't of Labor*, 406 F. App'x 69, 74 (7th Cir. 2010). In this action Robinson repackages her claim, contending that her firing violated Illinois law. But because Robinson's retaliation claim is precluded by collateral estoppel and because the other claims she raises in this appeal are either time-barred or undeveloped, we affirm the district court's judgment.

Robinson began working in 2000 as a senior auditor for Discover Financial Services, a wholly owned subsidiary of Morgan Stanley. Because of health problems, she went on leave the following year under the Family and Medical Leave Act, 29 U.S.C. §§ 2601–54. When she returned to full-time work in early 2002, her title had changed, but her pay and benefits remained the same; Robinson nonetheless considered the change a demotion because she lost some of her responsibilities. She testified at her deposition that an employee in Discover's human-resources department told her in "early spring 2003" that she had been demoted the previous year because of her FMLA leave.

In February 2004, Robinson submitted a memo to Discover's president and its chief financial officer, reporting what she viewed as "financial, operational, regulatory, and legal risks" that the company faced. Her memo included an allegation that the company was inflating its assets by not "charging off" its customers' bankruptcies quickly enough. Six months later, Discover terminated Robinson, purportedly for poor job performance.

Robinson then filed an administrative complaint with the U.S. Department of Labor alleging that she was fired not because of poor performance, but in retaliation for her submission of the memo, an activity she asserted was protected by Sarbanes-Oxley. After a 10-day hearing at which both sides were represented by counsel, an administrative law judge concluded that Robinson had engaged in protected activity under Sarbanes-Oxley but that poor performance, not the protected activity, caused her termination. The Department of Labor's Administrative Review Board affirmed, ruling that the record supported the ALJ's determination that Robinson was fired for poor performance.

Robinson then petitioned for review in this court. *See* 18 U.S.C. § 1514A(b)(2); 49 U.S.C. § 42121(b)(4)(A). We denied her petition, concluding that the Board's ruling was not arbitrary or capricious given the "mountain of evidence" that demonstrated her history of "unabated poor performance." *Robinson*, 406 F. App'x at 74.

In August 2006, while the administrative complaint was pending in the Department of Labor, Robinson filed the complaint in this case, alleging that her termination violated Illinois law on retaliatory discharge and that the defendants retaliated against her in unspecified ways under the Illinois Whistleblower Act, *see* 740 ILCS 174/20. She also claimed that her change in job title and duties violated the FMLA and that Discover

violated the Illinois Personnel Record Review Act, *see* 820 ILCS 40/4, 40/9, by introducing certain records from her employment during the Sarbanes-Oxley hearing before the ALJ and by keeping records of her activities outside of work.

In granting summary judgment to the defendants, the district court first ruled that Robinson's retaliatory-discharge claim was precluded by collateral estoppel. The ALJ's resolution of the factual dispute over why Robinson was fired was essential to the judgment on the Sarbanes-Oxley complaint, the court concluded, and Robinson had the opportunity to litigate the issue fully with assistance of counsel. *See Matrix IV, Inc. v. Am. Nat'l First Bank & Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011). The court then determined that Robinson had not produced evidence of a triable issue on the Whistleblower Act claim. Finally, the court ruled that Robinson's FMLA claim was time-barred and that her claim under the Personnel Record Review Act failed because she had not exhausted her administrative remedies.

On appeal, Robinson first contends that collateral estoppel should not bar her retaliatory-discharge claim. Though Robinson concedes that the ALJ's ruling on her Sarbanes-Oxley claim can have preclusive effect because he was acting in a "judicial capacity," *see Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 107–08 (1991); *Hamdan v. Gonzales*, 425 F.3d 1051, 1059 (7th Cir. 2005), she nonetheless contends that collateral estoppel is inapplicable because the ALJ's opinion addressed her retaliation claim under only federal, not Illinois, law.

But as the district court recognized, the application of collateral estoppel depends on whether a factual issue in dispute has been resolved in prior litigation, not on whether the legal theory of recovery is the same. *See Montana v. United States*, 440 U.S. 147, 153 (1979); *Firishchak v. Holder*, 636 F.3d 305, 308 (7th Cir. 2011), *cert. denied*, 80 U.S.L.W. 3379 (2012). The crux of the ALJ's decision was that poor job performance, not Robinson's memo to Discover's executives, led to her ouster; she may not relitigate that issue under the guise of a state-law claim for retaliatory discharge.

Next Robinson asserts that the district court erred in concluding that her FMLA claim was time-barred. A willful violation of the act is subject to a three-year limitations period, *see* 29 U.S.C. § 2617(c)(2), and Robinson filed her complaint in August 2006, more than four years after her change in job title and more than three years after a Discover employee allegedly told her that she had been demoted because of her FMLA leave. Robinson maintains that her claim is timely because she continued to suffer negative consequences from her alleged demotion until the day of her termination. But a discrete act that occurs outside of the limitations period—such as the alleged demotion here—is time-

barred, *see Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110–11 (2002); *Groesch v. City of Springfield, Ill.*, 635 F.3d 1020, 1027 (7th Cir. 2011), and the "lingering effect of an earlier, distinct" wrong does not make a violation continuing, *see Pitts v. City of Kankakee, Ill.*, 267 F.3d 592, 595 (7th Cir. 2001).

Robinson's remaining arguments require little discussion. Her challenges to the district court's rulings on her claims under the Whistleblower Act and the Personnel Record Review Act are undeveloped. *See* FED. R. APP. P. 28(a)(9). And neither of her two remaining arguments, which address procedural rulings by the district court, has merit.

**AFFIRMED**.